UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No. 10-14989

v.                                         Honorable Patrick J. Duggan

AMANDA C. NEWKIRT

       Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 25, 2011.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff, the United States of America (hereafter "Government"), filed this action against Defendant to enforce a promissory note that Defendant signed on November 19, 1992, in order to receive a student loan. Presently before the Court is the Government's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed April 15, 2011. According to the Government, it served Defendant with a copy of the motion via United States First Class mail on the same date the motion was filed. On April 21, 2011, the Court sent a notice to the parties indicating that the motion for summary judgment had been filed and reminding them of the provisions of Eastern District of Michigan Local Rule 7.1, specifically subsection (e) which provides that "[a]

response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B). Nevertheless, Defendant has not responded to the Government's motion. On May 25, 2011, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the Government's motion pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants the Government's motion.

## Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 "mandates summary judgment . . . against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2552 (1986).

## Factual and Procedural Background

On November 19, 1992, Defendant executed a promissory note to obtain a student loan from Michigan National Bank in the amount of $3,089, with interest at a rate of

3.39% per annum. (Pl.'s Mot. Ex. A.)[1]  The Michigan Higher Education Assistance Authority guaranteed the loan obligation; the United States Department of Education reinsured the loan pursuant to Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq*. (*Id.*)

Defendant defaulted on the loan obligation on October 20, 1994, and the holder filed a claim on the guarantee. (*Id.*)  The guaranty agency then paid the holder the amount owed on the loan, then totaling $3,745.44. (*Id.*)  The Department of Education then reimbursed the guarantor for that claim payment pursuant to its reinsurance agreement. (*Id.*)  The guarantor attempted to collect the debt from Defendant. (*Id.*)  Unable to collect, the guarantor assigned its right and title to the loan to the Department of Education on August 21, 2003. (*Id.*)  Since the assignment date, the Department of Education has been unable to recover any payment on the loan. (*Id.*)

Therefore, on December 16, 2010, the Government initiated this lawsuit in order to collect the amount due on the promissory note.  On February 14, 2011, the Court received a letter from Defendant in response to the Complaint in which she acknowledges the debt but asks the Court to forgive the interest owed and allow her to pay the principal by submitting $20 per month. (Doc. 4.)

In its pending motion for summary judgment, the Government requests an award

---

[1] The Government attached three exhibits to its motion which it identifies on an exhibit list as: Exhibit A, Certificate of Indebtedness; Exhibit B, Promissory Note, and Exhibit C, affidavit.  The exhibits, however, were filed in a different order.  The Court is referring to the exhibits according to the letter by which they are identified on the Government's exhibit list; rather than where they are filed on the docket.

of $6,614.25 (representing $3,431.30 in principal owed on the loan and $3,182.92 as the amount of accrued interest), plus $350.00 in court costs and prejudgment interest from the date of filing of the Complaint until the date of Judgment pursuant to 28 U.S.C. §1961.

## Applicable Law and Analysis

In order to prevail in this action, the Government must show the following: (1) Defendant signed the promissory note; (2) the Government is the present owner or holder of the note; and (3) the note is in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Government has satisfied its burden in this case. To survive summary judgment, therefore, Defendant must come forward with some evidence of a genuine issue for trial. *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (indicating that once the movant meets its burden under Rule 56, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.") Defendant has not met her burden as she failed to respond to the motion, but acknowledged the validity of the debt in response to the Complaint.

Accordingly,

**IT IS ORDERED**, that the Government's Motion for Summary Judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Government shall submit a proposed Judgment including specifically the applicable amount or rate of pre-judgment interest within fourteen (14) days of this Opinion and Order.

                                              <u>s/PATRICK J. DUGGAN</u>
                                              UNITED STATES DISTRICT COURT

Copies to:

Charles J. Holzman, Esq.

Amanda Newkirt
17611 Whitcomb St.
Detroit, MI 48235